IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALPHONSO SANDERS,** | : | No. 3:25cv234 |
| **Plaintiff** | : | (Judge Munley) |
| v. | : | |
| **DR. PRINCE, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

On January 16, 2025, plaintiff Alphonso Sanders ("Sanders") commenced this civil rights action pursuant to 42 U.S.C. § 1983 alleging that he received inadequate medical care at the State Correctional Institution, Dallas, Pennsylvania ("SCI-Dallas"). (Doc. 1). Among the named defendants are Superintendent Jason Bohinsky, Director of Healthcare Services Erica Benning, and Psychologist Services Specialist Kate Conmy (collectively, the "DOC[1] defendants").[2] Presently before the court is the DOC defendants' motion (Doc. 15) to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the

---

[1] The Department of Corrections.

[2] Also named as defendants are Dr. Scott Prince and Physician's Assistant Mark Abel (together, the "medical defendants"). The medical defendants have filed a Rule 12(b) motion (Doc. 27) to dismiss. The court will address the medical defendants' motion by separate memorandum and order.

reasons that follow, the motion will be denied in part and granted in part without prejudice to Sanders' opportunity to file an amended complaint.

The court will also dismiss the action against "Physical Therapist Ron" pursuant to Federal Rule of Civil Procedure 4(m).

I.      **Factual Background & Procedural History**[3]

Sanders alleges that his medical ailments started in May of 2022, when he began suffering from sciatica, causing pain in his lower back and leg. (Doc. 1 ¶¶ 12, 18; Docs. 1-1, 1-2). Sanders asserts that Physician's Assistant Mark Abel prescribed multiple medications, but these medications interfered with other previously prescribed medications and caused adverse side effects. (Doc. 1 ¶¶ 8, 23). He was also provided Icy Hot balm, which did not provide relief. (Doc. 1-7).

Sanders underwent physical therapy to align his hips. (Doc. 1 ¶¶ 9, 22). On August 16, 2022, a physical therapist informed Sanders that a follow-up physical therapy session was not necessary because his "hips are aligned." (Id.).

Sanders requested a "better mattress" to help ease his pain. (Id. ¶ 12).

---

[3] The factual allegations are derived from Sanders' complaint and the attachments thereto.

On May 27, 2022, Sanders requested a walking cane, but Dr. Prince informed him that he cannot have a cane because it posed a security risk. (Id. ¶ 18).

On June 6, 2022, Sanders sent a request slip to defendant Conmy regarding his medical treatment. (Id. ¶ 20). In response, defendant Conmy advised Sanders that she was "not a medical prac[ti]tioner" and could not help him address his concerns. (Id.).

On June 27, 2022, Sanders filed a grievance number 986852 related to his medical treatment. (Id. ¶ 21; Doc. 1-3). Sanders' grievance was denied on initial review and by the Facility Manager. (Doc. 1-7). Sanders appealed the denial to the Chief Grievance Officer, and, on February 21, 2023, the Chief Grievance Officer denied the grievance as follows:

> A review of the record was conducted by the Bureau of Health Care Services regarding your concern of not being provided appropriate medical care. Your medical record was also reviewed, and it was determined that the medical care provided was reasonable and appropriate. The findings of the review concur with the Initial Review Response. Therefore, your grievance and requested relief are denied.

(Doc. 1-5).

For relief, Sanders seeks "proper administration of pain medication[,]" he requests an MRI to determine the cause of his sciatic nerve damage, as well as monetary relief and costs associated with litigating this action. (Doc. 1, at 16-17).

3

The DOC defendants move to dismiss the complaint on the following grounds: (1) Sanders' claims are barred by the statute of limitations; (2) Sanders failed to state a plausible Eighth Amendment claim; and (3) Sanders failed to allege the DOC defendants' personal involvement. (Doc. 16). The motion is fully briefed and ripe for resolution.

## II.   Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the…claim is and the grounds upon which it rests."

Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

### III. Discussion

#### A. Statute of Limitations

The DOC defendants first seek to dismiss the complaint as barred by the statute of limitations. (Doc. 16, at 4-7). They argue that because the cause of

action accrued in May of 2022, and the complaint was file-stamped in February of 2025, it must be dismissed. (Id.).

"A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." Wisniewski v. Fisher, 857 F.3d 152, 157 (3d Cir. 2017). A claim brought pursuant to 42 U.S.C. § 1983 is subject to the same statute of limitations that applies to personal injury tort claims in the state in which such a claim arises. See Wallace v. Kato, 549 U.S. 384, 387 (2007); Kach v. Hose, 589 F.3d 626, 639 (3d Cir. 2009). Sanders' claims arose in Pennsylvania; thus, the applicable statute of limitations is Pennsylvania's two-year statute of limitations for personal injury actions. 42 PA. CONS. STAT. ANN. § 5524(2). The statute of limitations period accrues when the plaintiff knows or has reason to know of the injury which is the basis of the § 1983 action. See Garvin v. City of Phila., 354 F.3d 215 (3d Cir. 2003); Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991).

In the complaint, Sanders alleges that his sciatic pain began in May of 2022. (Doc. 1). Sanders did not file his complaint until January 16, 2025.[4] The

---

[4] Under the prisoner mailbox rule, the court deems the complaint filed on January 16, 2025, the date Sanders signed it. See Houston v. Lack, 487 U.S. 266 (1988) (holding that that date on which a prisoner delivers documents to prison authorities for mailing is considered the filing date); Pabon v. Mahanoy, 654 F.3d 385, 391 n.8 (3d Cir. 2011) ("[t]he federal 'prisoner mailbox rule' provides that a document is deemed filed on the date it is given to prison officials for mailing").

6

claims contained therein are governed by a two-year statute of limitations. Accordingly, any conduct prior to January 2023 is beyond the statute of limitations and may not form the basis of liability.

However, Sanders' claim appears to constitute a continuing violation of his civil rights. "The continuing violations doctrine is an equitable exception to the timely filing requirement." Cowell v. Palmer Twp., 263 F.3d 286, 292 (3d Cir. 2001) (quoting West v. Phila. Elec. Co., 45 F.3d 744, 754 (3d Cir.1995)). A plaintiff asserting a continuing violation must establish that the defendant's actions were more than "isolated or sporadic acts." West, 45 F.3d at 755. "When a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier acts that would otherwise be time barred." Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1295 (3d Cir.1991) (quoting Keystone Ins. Co. v. Houghton, 863 F.2d 1125, 1129 (3d Cir. 1988)); see also Cowell, 263 F.3d at 292. Sanders' claim is one of an ongoing failure to properly treat his sciatic nerve pain. He asserts that he is in constant pain and that he filed grievances and complaints, but defendants continuously denied his requests. (Doc. 1 ¶¶ 6-7, 10-11, 18-22). He also alleges that his pain has caused mental health deterioration. (Id. ¶ 11).

7

Even if this were not a continuous violation, Sanders' claim would survive a motion to dismiss as his grievance may have equitably tolled the statute of limitations. Sanders claims that he filed a grievance on June 27, 2022, and he received a final decision on February 21, 2023. (Docs. 1-3, 1-5; see also Doc. 25). With respect to prisoner claims, the statute is tolled while the inmate plaintiff exhausts his administrative remedies. See Pearson v. Sec'y Dept. of Corr., 775 F.3d 598, 603 (3d Cir. 2015) ("[T]he PLRA is a statutory prohibition that tolls Pennsylvania's statute of limitations while a prisoner exhausts administrative remedies.").

For these reasons, the court finds that tolling is appropriate in this case. The court will deny the DOC defendants' motion to dismiss the action as barred by the statute of limitations.

B.  Eighth Amendment Claim

In order to establish an Eighth Amendment medical claim, a plaintiff "must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Natale v. Camden Cnty. Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003) (citing Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999)). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the necessity for a doctor's attention." Monmouth

8

Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).  In addition, "if unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the eighth amendment." Id. (citation omitted).

A prison official acts with deliberate indifference to an inmate's serious medical needs when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).  A mere difference of opinion between the prison's medical staff and the inmate regarding the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment. See Farmer v. Carlson, 685 F. Supp. 1335, 1339 (M.D. Pa. 1988).  Moreover, "[i]f a prisoner is under the care of medical experts…a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004).

First, Sanders states that he received various medical treatments for his sciatica and pain.  Specifically, he underwent physical therapy to align his hips, he was prescribed medications and was provided with Icy Hot over-the-counter

9

treatment. Sanders believes that he should undergo an MRI, and he should be provided with a walking cane. (Doc. 1-3). Sanders has failed to allege that the DOC defendants had a culpable state of mind. Sanders' complaints about the type of medical services rendered amount to little more than disagreement with treatment methods, which is insufficient to state a constitutional violation. See Spruill, 372 F.3d at 235 ("[m]ere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation) (citations omitted). Furthermore, Sanders does not allege a complete denial of medical treatment or any undue delay in providing treatment. To the contrary, by his own allegations, Sanders received medical care and treatment by SCI-Dallas medical personnel, he underwent physical therapy and was provided medications and treatment for his pain. Sanders would like to undergo an MRI and receive a walking cane; however, he "does not have a constitutional right to unlimited medical care of his choosing, free from all considerations of cost." Winslow v. Prison Health Servs., 406 F. App'x 671, 675-76 (3d Cir. 2011).

Second, in order to sustain his Eighth Amendment claims against the non-medical DOC defendants, Sanders must allege that they had "reason to believe or (actual knowledge)" that the medical staff were "mistreating (or not treating)" him. Spruill, 372 F.3d at 236. By Sanders' own averments, the DOC defendants are not medical providers and have not treated him. Instead, Sanders alleges

10

that he was treated by medical staff at SCI-Dallas, who provided inadequate medical care. Sanders allegedly expressed his concerns regarding his medical treatment to defendant Conmy, a psychologist at SCI-Dallas. (Doc. 1, at 4). Defendant Conmy informed Sanders that she was not a medical practitioner and could not address his concerns. (Doc. 1 ¶ 20). Defendant Benning is the Director of Bureau of Health Care Services, and she allegedly forwarded Sanders' concerns to defendant Bohinski, the Superintendent of SCI-Dallas. (Id. ¶ 25). Their roles were purely administrative. Because the DOC defendants are not medical personnel, they cannot be considered deliberately indifferent "simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1991).

Third, and finally, to the extent that Sanders attempts to hold the DOC defendants liable based on their supervisory roles, this claim also fails. It is well-established that officials may not be held liable for unconstitutional conduct of their subordinates under a theory of respondeat superior. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998). Insofar as Sanders' claims against the DOC defendants rely on a respondeat superior theory of liability, they are entitled to dismissal on this ground.

11

The court will grant the DOC defendants' motion to dismiss the Eighth Amendment inadequate medical care claim with leave to amend.

## IV. Federal Rule of Civil Procedure 4(m)

Rule 4(m) sets forth the following time frame a plaintiff has to serve a defendant with the summons and copy of the complaint:

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). "Physical Therapist Ron" was named in the complaint that was filed on January 16, 2025 and, to date, has not been properly identified or served in this case. The court must engage in a two-step process in determining whether to dismiss the unidentified, non-served defendant or grant Sanders additional time to effect service. "First, the district court should determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995). Good cause requires good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance with the time specified in the rules. MCI Telecomm.

Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995). In determining whether good cause exists, a court's "primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." Id. Although prejudice is a factor to be considered, the absence of prejudice to the opposing party alone does not constitute good cause to excuse late service. Id.

In the present matter, Sanders failed to establish good cause. After the expiration of the 90-day time period set forth in Rule 4(m), the court notified Sanders that the action against "Physical Therapist Ron" was subject to dismissal and directed him to show cause why the action against this defendant should not be dismissed pursuant to Rule 4(m). (Doc. 21). Sanders failed to respond to the Rule 4 show cause order. Moreover, Sanders' pro se status is not good cause to excuse his failure to timely identify or serve this defendant. Veal v. United States, 84 F. App'x 253, 256 (3d Cir. 2004). Based upon the lack of any explanation for his failure to adhere to the requirements of Rule 4, the court finds that Sanders failed to establish good cause.

If a plaintiff cannot show good cause for his failure to serve the defendant within 90 days, a district court may either dismiss the defendant or exercise its discretion to order that service be made within a specific time. Petrucelli, 46 F.3d at 1305; see also FED. R. CIV. P. 4(m). It is Sanders' responsibility to properly identify all defendants, and provide accurate mailing addresses for the

13

defendants, in a timely fashion. (See Doc. 5 ¶ 3) (advising Sanders that failure to properly name a defendant, or provide an accurate mailing address for a defendant, may result in dismissal of the claims against that defendant pursuant to Federal Rule of Civil Procedure 4(m)).

In light of Sanders' failure to properly identify or serve "Physical Therapist Ron" despite this court's warning of the possible consequences, including dismissal, the court concludes that dismissal is appropriate under the present circumstances. Accordingly, this defendant will be dismissed from this action.

## V.     Leave to Amend

The court is concerned that an amendment would be futile. Nevertheless, in an abundance of caution, the court will grant Sanders an opportunity to amend his complaint with respect to his Eighth Amendment claim. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002) (holding that in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment, a court should grant a plaintiff leave to amend a deficient complaint after a defendant moves to dismiss it).

Sanders is advised that any "amended complaint must be complete in all respects." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). It must be a new pleading which stands by itself without reference to the original complaint. Id.

## VI. Conclusion

The court will deny the DOC defendants' motion to dismiss this action as barred by the statute of limitations. The motion to dismiss the Eighth Amendment claim will be granted, and the court will permit Sanders an opportunity to file an amended complaint in the event he can cure the defects as to his dismissed Eighth Amendment claim.

The court will also dismiss the action against "Physical Therapist Ron" pursuant to Rule 4(m).

A separate order shall issue.

Date: November 13, 2025

JUDGE JULIA K. MUNLEY
United States District Court