# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALPHONSO SANDERS, | : | No. 3:25cv234 |
| | : | |
| **Plaintiff** | : | **(Judge Munley)** |
| | : | |
| v. | : | |
| | : | |
| DR. PRINCE, <u>et al.</u>, | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

Plaintiff Alphonso Sanders ("Sanders") commenced this civil rights action

pursuant to 42 U.S.C. § 1983 alleging that he received inadequate medical care

at the State Correctional Institution, Dallas, Pennsylvania.[1]  (Doc. 1).  Presently

before the court is a motion (Doc. 27) to dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(6) by defendants Dr. Scott Prince and Physician's Assistant

Mark Abel (together, the "medical defendants").[2]  Sanders failed to respond to

---

[1] On March 26, 2025, the court stayed all proceedings against defendants Scott Prince and Mark Abel due to the filing of a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code by Wellpath Holdings, Inc., in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, see <u>In re: Wellpath Holdings, Inc.</u>, No. 4:24-bk-90533 (Bankr. S.D. Tx.), and the orders of the bankruptcy court enforcing the automatic stay under 11 U.S.C. § 362(a).  (Doc. 14).  On May 1 and 9, 2025, the bankruptcy court entered orders that resulted in the lifting of the automatic stay, and this court, in turn, lifted its stay of the proceedings against defendants Prince and Abel.  (Doc. 30).

[2] Also named as defendants are Superintendent Jason Bohinsky, Director of Healthcare Services Erica Benning, and Psychologist Services Specialist Kate Conmy (collectively, the "DOC defendants").  By memorandum and order dated November 13, 2025, the court granted in part and denied in part the DOC defendants' Rule 12(b) motion, and

the motion and the time for responding has now passed.[3]  Therefore, the motion

is deemed unopposed and ripe for resolution.  For the reasons that follow, the

court will grant the motion.

## I.     Factual Background & Procedural History[4]

Sanders alleges that his medical ailments started in May of 2022, when he

began suffering from sciatica, causing pain in his lower back and leg.  (Doc. 1 ¶¶

12, 18; Docs. 1-1, 1-2).  Sanders asserts that Physician's Assistant Mark Abel

prescribed multiple medications, but these medications interfered with other

previously prescribed medications and caused adverse side effects.  (Doc. 1 ¶¶

8, 23).  He was also provided Icy Hot balm, which did not provide relief.  (Doc. 1-

7).

Sanders underwent physical therapy to align his hips.  (Doc. 1 ¶¶ 9, 22).

On August 16, 2022, a physical therapist informed Sanders that a follow-up

physical therapy session was not necessary because his "hips are aligned."  (Id.).

---

afforded Sanders the opportunity to amend his claims against the DOC defendants.  (Docs. 31, 32).  Sanders was cautioned that "[f]ailure to file a proposed amended complaint [by November 26, 2025] will convert the dismissal of the remaining claim without prejudice to a dismissal with prejudice without the necessity of a further order of court."  (Doc. 32 ¶ 6).  Sanders chose not to file an amended complaint against the DOC defendants.

[3]  Sanders was directed to file a brief in opposition to the medical defendants' motion by October 14, 2025, and was admonished that failure to file an opposition brief would result in the motion being deemed unopposed.  (Doc. 29) (citing LOCAL RULE OF COURT 7.6).

[4]  The factual allegations are derived from Sanders' complaint and the attachments thereto.

2

Sanders requested a "better mattress" to help ease his pain. (Id. ¶ 12).

On May 27, 2022, Sanders requested a walking cane, but Dr. Prince informed him that he cannot have a cane because it posed a security risk. (Id. ¶ 18).

On June 6, 2022, Sanders sent a request slip to Psychologist Services Specialist Kate Conmy regarding his medical treatment. (Id. ¶ 20). In response, Conmy advised Sanders that she was "not a medical prac[ti]tioner" and could not help him address his concerns. (Id.).

On June 27, 2022, Sanders filed grievance number 986852 related to his medical treatment. (Id. ¶ 21; Doc. 1-3). Sanders' grievance was denied on initial review and then by the Facility Manager. (Doc. 1-7). Sanders appealed the denial to the Chief Grievance Officer, and, on February 21, 2023, the Chief Grievance Officer denied the grievance as follows:

> A review of the record was conducted by the Bureau of Health Care Services regarding your concern of not being provided appropriate medical care. Your medical record was also reviewed, and it was determined that the medical care provided was reasonable and appropriate. The findings of the review concur with the Initial Review Response. Therefore, your grievance and requested relief are denied.

(Doc. 1-5).

For relief, Sanders seeks "proper administration of pain medication[,]" he requests an MRI to determine the cause of his sciatic nerve damage, as well as monetary relief and costs associated with litigating this action.  (Doc. 1, at 16-17).

The medical defendants now move to dismiss the complaint based upon the resolution of the Wellpath bankruptcy action in the United States Bankruptcy Court for the Southern District of Texas.  (Docs. 27, 28).

## II.    **Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).  Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the

4

defendant notice of what the…claim is and the grounds upon which it rests." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry.  See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded.  Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief."  Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level").  A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

## III.  Discussion

The medical defendants filed the instant motion to dismiss the complaint based on the bankruptcy plan and confirmation order entered by the bankruptcy

5

court. (Docs. 27, 28). They contend that under the bankruptcy plan, all claims against Wellpath and its employees are discharged and must be dismissed unless the claimant timely opted out of the Third-Party Release, and Sanders failed to do so. (Id.). Sanders did not respond to the medical defendants' motion and has not presented any information that he opted out of the Third-Party Release or otherwise took action in the bankruptcy court.[5]

At all relevant times, the medical defendants, Dr. Scott Prince and Physician's Assistant Mark Abel, were current and/or former employees of Wellpath, LLC. (See Doc. 28, at 2). On November 11, 2024, Wellpath petitioned for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Southern District of Texas. In re: Wellpath Holdings, Inc., No. 4:24-bk-90533 (Bankr. S.D. Tx.). On May 1, 2025, the bankruptcy court entered an order confirming a Chapter 11 plan to reorganize Wellpath and restructure its debt.[6] Id., Doc. 2596. The plan's effective date occurred on May 9, 2025. Id., Doc.

---

[5] Sanders was notified of his right to submit a response brief to the medical defendants' motion to dismiss. (Doc. 29). He was also specifically provided the opportunity to submit any affidavits or documents that supported his attempt to opt out of the Third-Party Release. (Docs. 33, 35). Sanders failed to submit any such affidavits or documents.

[6] The approved reorganization plan calls for the discharge of all claims against Wellpath and its employees for events that occurred before November 11, 2024. See In re: Wellpath, No. 4:24-bk-90533, Docs. 2596, 2679, 2680. Sanders' complaint involves events that began in May of 2022 and, thus, arose prior to Wellpath's filing of its Chapter 11 petition on November 11, 2024.

2680.  The Chapter 11 bankruptcy plan substantially limited the circumstances under which a plaintiff can pursue legal claims against Wellpath and its employees, but it permitted claimants to opt out of the plan's Third-Party Release in order to proceed in the district court for any individual capacity claims against Wellpath employees.  Under the plan, incarcerated individuals who had personal injury claims pending against non-debtor defendants (Wellpath's directors, officers, and other employees) had until July 30, 2025 to opt out of the third-party releases of claims against non-debtor defendants under the plan.[7]  (Doc. 27-3, at 52, bankruptcy court order of May 1, 2025, ¶ 43; Doc. 27-4, at 25, ¶ 178 (Article I.A.178)).  A claimant who did not provide timely written confirmation would become a "Releasing Party" and be "deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released and discharged" Wellpath and its employees from any claims that arose prior to November 11, 2024.  (Doc. 27-4, at 75 (Article IX.D)).

Pursuant to Article IX.F of the plan, any holders of claims or causes of action against the Released Party[8] subject to the Third-Party Release who did

---

[7]  The bankruptcy court's confirmation order provides: "Wellpath shall provide notice to all known personal injury and wrongful death claimants of the extended 90-day period to opt out from the Third-Party Release in Article IX.D and File a certificate of service with the Bankruptcy Court."  (Doc. 27-3, at 52, bankruptcy court order of May 1, 2025, ¶ 43).

[8]  Article I.A.177 of the plan provides that: "'Released Parties' means…each Debtor [and] the Related Parties of [each Debtor]."  (Doc. 27-4, at 24-25).  And Article I.A.175 of the plan provides: "'Related Party'…means with respect to any Entity, such

7

not affirmatively opt out of the Third-Party Release are permanently enjoined from taking any action, including the commencement, further prosecution of, or collection efforts, against the Released Parties, including non-debtor defendants (the "injunction"). (Id. at 77 (Article IX.F)). The deadline to opt out has expired and Sanders has not opted out of the Third-Party Release. Sanders has not informed this court that he submitted any communication affirmatively expressing an intent to opt out of the Third-Party Release imposed as part of the plan of reorganization. Additionally, the docket in Wellpath's bankruptcy case shows that Sanders did not file an opt-out request there. See In re: Wellpath, No. 4:24-bk-90533. Further, all pro se filings in the Wellpath bankruptcy case are now being docketed in Wellpath SF Holdco, LLC, No. 24-bk-90566 (Bankr. S.D. Tx.). Review of this docket confirms that Sanders is not listed as one of the pro se parties who opted out of the third-party releases contained in the Wellpath bankruptcy plan.

Absent any information that Sanders opted out of the Third-Party Release or otherwise took action in the bankruptcy court, the claims against the medical defendants are barred by the injunction contained in the confirmed Chapter 11 bankruptcy plan, and the court will grant the medical defendants' motion to

---

Entity's…employees…acting in such capacity whether current or former." (Id. at 24). Therefore, defendants Scott and Abel are Released Parties under the plan.

dismiss. See Ch. 11 Plan, Art. IX, In re: Wellpath, No. 4:24-bk-90533, Doc. 2596, at 128-136; see also 11 U.S.C. § 524(a)(2) ("A discharge in a [Chapter 11 bankruptcy] case…operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor…"); 11 U.S.C. § 1141(a), (d), Effect of confirmation.

## IV.   **Leave to Amend**

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. Phillips, 515 F.3d at 245. For the reasons set forth herein, the court concludes that granting Sanders leave to amend his claims against the medical defendants would be a futile endeavor. This court is not the proper forum for Sanders to pursue his claims against the medical defendants, who are current and/or former Wellpath employees. The claims against the medical defendants will be dismissed without prejudice to Sanders' right to pursue appropriate relief through the bankruptcy court.

## V. Conclusion

Consistent with the foregoing, the court will grant the medical defendants' motion to dismiss.  (Doc. 27).

An appropriate order shall issue.

Date: ___1/2/26___

JUDGE JULIA K. MUNLEY
United States District Court

10